IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:09-cv-01099 |
| | ) | |
| vs. | ) | Hon. Robert L. Echols |
| | ) | U.S. District Court Judge |
| THE CHEATHAM COUNTY | ) | |
| BOARD OF EDUCATION, et al. | ) | Hon. Juliet Griffin |
| | ) | U.S. Magistrate Judge |
| Defendants. | ) | |
| | ) | |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d), the parties submit this Proposed Initial Case Management Order.

**1. Jurisdiction.**

The parties agree that this Court does have jurisdiction that venue is properly in the United States District Court for the Middle District of Tennessee. Proper service of process has been accomplished on all parties.

**2. The Parties' Theories of the Case.**

 a) **Plaintiffs' Theory of the Case**

All Doe Plaintiffs are alleging multiple violations of their constitutional rights to be free from the government endorsement of religion. Plaintiffs claim numerous events which, taken together, establish a pattern and practice systematic endorsement of a particular religion by Defendants. Plaintiffs ask only for declaratory and injunctive relief, as well as nominal damages and attorneys' fees and costs. June Griffin, a private citizen, filed a Motion to Intervene in this case on December 15, 2009. Plaintiffs' response to the Motion to Intervene is due on or before January 19, 2010.

**Plaintiffs intend to file a motion for preliminary injunction and/or Temporary Restraining Order in the coming weeks. Plaintiffs suggest consolidating a trial on the merits with the preliminary injunction hearing pursuant to Fed. R. Civ. P. 65(a) and scheduling discovery accordingly.**

### b) Defendants' Theory of the Case

The Defendants have taken every reasonable effort to correct what may be perceived as a violation of the Plaintiffs' First Amendment rights. Any conditions or alleged violations have been rectified (e.g. the Gideons' distribution of Bibles, a cross existing on a wall). With regard to some of the claims, such are taken completely out of context and rather than being the endorsement of religion were part of a comparative analysis of ancient literature or the study of the foundation of the Bill of Rights including the separation of church and state.

### c) Proposed Intervenor's Theory of the Case

Intervenor's only special interest is as a Christian taxpayer, being of high integrity and record of standing for God and the Bible. As head of the Bill of Rights Committee in Tennessee, Intervenor insists that all parties must obey, regard and respect the Bills of Rights, both Federal and State.

Intervenor protests against the use of tax dollars to fund legal fees of special-interest attorneys on either side of the issue and insists that all special-interest attorneys pay their own legal fees as a matter of righteousness. The use of tax dollars to fund legal fees under 42 USC 1988, ultimately raises the insurance rates of respective counties which will bring about higher taxes to pay the insurance.

The Tennessee Court of Appeals (Campbell v. Sundquist, 1994) and the Federal District Court (Keila Franks, et al v. Knox/Davidson Counties, 2009) agreed that special-interest attorneys should pay their own legal expenses, both at the request of Intervenor.

Intervenor will further show inconsistencies and favoritism on behalf of other spiritual systems which are not only tolerated, but encouraged.

This hypocrisy flies in the face of all that is right or good and exhibits partiality in favor of certain religious or spiritual systems.

Intervenor is eligible for intervention by virtue of the fact that the Department of Education in Washington, DC received income tax from Intervenor and is effected by federal mandates, thus her jurisdiction in these and all cases is valid.

**3. Amendments to the Pleadings.**

The parties will be allowed until **February 26, 2010** to amend their pleadings without leave of Court.

**4. Initial Disclosures and Staging of Discovery.**

    **a)** **Pre-Discovery Disclosures.**

The deadline to exchange the information specified by Fed. R. Civ. P. 26(a)(1) is **January 22, 2010.**

    **b)** **The Parties Respective Proposed Discovery Plan**

Plaintiffs propose that all discovery, except expert testimony, shall be complete by the close of business on **April 30, 2010**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **April 15, 2010.**

Defendants propose that all discovery, except expert testimony, shall be complete by the close of business on **August 15, 2010.** All written discovery shall be submitted in sufficient time so that the response shall be in hand by **June 30, 2010.**

Plaintiffs propose that by the close of business **May 21, 2010** the parties shall declare to opposing parties the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B). Any All expert depositions shall be completed by **June 30, 2010**.

Defendants propose a later time schedule correlating to their proposed August 15, 2010 close of discovery date.

**5. Dispositive Motions.**

Plaintiffs propose that all dispositive motions shall be filed by **July 16, 2010;** any response thereto shall be filed by **August 6, 2010**. Any reply brief shall be filed by **August 13, 2010.**

Defendants propose a later time schedule correlating to their proposed August 15, 2010 close of discovery date.

**6. Prospects for Settlement/ Alternative Dispute Resolution.**

There are currently no settlement negotiations, though settlement has been discussed, negotiations have not progressed. The parties are unable to evaluate prospects for Alternative Dispute Resolution until the completion of discovery.

**7. Trial**

The parties expect that trial for this matter will last 2-3 days. The target trial date is _____**.** If this action is to be settled, the Law Clerk shall be notified by noon, _____.

**IT IS SO ORDERED.**

Entered this \_\_\_\_ day of January, 2010.

                                            _____
                                            Juliet Griffin, U.S. Magistrate Judge

Respectfully submitted,

 /s/ Tricia R. Herzfeld
Tricia Herzfeld
Staff Attorney
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
Phone: (615) 320-7142
Fax: (615) 320-7260
tricia@aclu-tn.org

George Barrett
Douglas S. Johnston
*ACLU-TN Cooperating Attorneys*
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201
Phone: (615) 244-2202
Fax: (615) 252-3798
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com

**Attorneys for the Plaintiffs**

John D. Schwalb No. 011671
john_schwalb@msn.com
Williams & Schwalb, PLLC
Suite 207
108 Fourth Avenue South
Franklin, TN 37064
(615) 794-7100
(615) 794-6333 Facsimile

**Attorney for the Defendants**

June Griffin
522 Crestview
Dayton, Tennessee 37321
(423) 775-0774

**Proposed Intervenor Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Proposed Initial Case Management Order was filed electronically this 12th Day of January, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

John D. Schwalb No. 011671
john_schwalb@msn.com
Williams & Schwalb, PLLC
Suite 207
108 Fourth Avenue South
Franklin, TN 37064
(615) 794-7100
(615) 794-6333 Facsimile

Notice will be sent via U.S. Mail to the following:

June Griffin
522 Crestview
Dayton, Tennessee 37321
(423) 775-0774

                                                  /s/ Tricia R. Herzfeld
                                                  Tricia Herzfeld