IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, as the Natural Parents and Next Friends of Their Minor Child, JENNIFER DOE; JAMES and JULIE DOE, as the Natural Parents and Next Friends of Their Minor Child, JAMIE DOE; JACKIE DOE; and JESSICA DOE, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 3:09-cv-01099 Judge Robert Echols |
| THE CHEATHAM COUNTY BOARD OF EDUCATION; DIANE WILLIAMS, Interim Director of Schools for the Cheatham County Board of Education; MICHELLE COLLINS, Member, Cheatham County Board of Education; GREG HORTON, Member, Cheatham County Board of Education; TAMMIE LAVENDER, Member, Cheatham County Board of Education; DIANNE PROFFITT, Chair, Cheatham County Board of Education; CHRIS SPIEGL, Member, Cheatham County Board of Education; TIM WILLIAMSON, Member, Cheatham County Board of Education; TIM RAY, Principal, Sycamore High School, and ROBIN NORRIS, Principal,Cheatham County Middle School, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Juliet E. Griffin |
| Defendants. | ) | |

**RESPONSE IN OPPOSITION TO MOTION TO INTERVENE BY
<u>PRO SE</u> MOVANT, JUNE GRIFFIN**

June Griffin, proceeding as *pro se* litigant filed her Motion to Intervene in this

action on behalf of herself, as a person of high moral character and a taxpayer, as well

as God, and the Bible. In determining whether to allow permissive intervention, this Court should look to whether the proposed intervenor: 1) can demonstrate an independent jurisdictional ground for this Court to hear her claims; 2) has a claim or defense that shares a common question of law or fact with the underlying action; and 3) will probably delay or prejudice the adjudication of the rights of the original parties.

Mrs. Griffin's proposed intervention fails to meet any of the three, independently dispositive grounds the Court should examine in weighing whether to allow her intervention. Mrs. Griffin cannot demonstrate an injury that is concrete and particularized, depriving this Court of an independent jurisdictional ground to adjudicate her claim. In addition, the underlying action is based on the constitutionality of actions of the Cheatham County school system and certain of its employees, while Mrs. Griffin's cause of action seems to stem from her view of the relative merits of 42 U.S.C. §§ 1983 and 1988. Finally, given the general tenor of Mrs. Griffin's complaint, her apparent contempt for the ACLU, and the issues she raises, her involvement in this case would certainly serve as a delay and distraction to both the parties and the Court.

In light of Mrs. Griffin's failure to meet any of three requirements for permissive intervention, her Motion to Intervene should be denied. If Mrs. Griffin wants to pursue her "claims" against the ACLU, she should do so in separate litigation, in which she would need to join the United States Attorney General, as the only proper party to defend the constitutionality of the two statutes she challenges.

2

Case 3:09-cv-01099    Document 37    Filed 01/14/2010    Page 2 of 12

## BACKGROUND

**The Underlying Action**

This litigation arises out of Cheatham County's continued disregard of the Establishment Clauses of the United States and Tennessee constitutions at two public middle schools and a public high school. Specifically, members of the Cheatham County Board of Education, the Interim Director of Schools for Cheatham County Board of Education, and the principals of the schools (hereinafter, "Defendants") endorse and promote religious activities at school gatherings, in classroom instruction, and at graduation events. Defendants' activities include, among other things, organizing and endorsing: Christian prayer at school gathering; the distribution of Christian Bibles in classrooms; the teaching of Creationism and/or Intelligent Design in classes; and the display of Christian symbols in classrooms.

Plaintiffs John, Jane, Jennifer, James, Julie, Jamie, Jessica, and Jackie Doe (hereinafter, "Plaintiffs") filed this action to enforce their rights under the United States and Tennessee constitutions in an effort to end these practices.

**The Motion to Intervene and Counter-Complaint**

Approximately one month after Plaintiffs filed this action, Mrs. Griffin filed the Motion to Intervene and the Counter Complaint to Verified Complaint for Declaratory Injunctive Relief and Nominal Damages (hereinafter, the "Counter-Complaint").

In the Motion to Intervene, Mrs. Griffin cites her status as a "person of high moral character, a Christian, and pastor of the American Bible Protestant Church, as well as a publisher of Early American History" as the reason she should be allowed to intervene

3

in this action. That status, she asserts, serves as the cornerstone of her interest in seeing that Christian teachings should be taught in public schools.

Mrs. Griffin also cites her status as a Tennessee and United States taxpayer, whose tax dollars, she alleges, are used to fund the ACLU attacks on teaching Christian doctrine in public schools, through the provisions of 42 U.S.C. § 1988.

Finally, in support of her intervention, Mrs. Griffin also cites to *Campbell v. Sundquist*, 926 S.W.2d 250 (Tenn. Ct. App. 1996), for the proposition that intervention is appropriate to "represent God and the Bible and Citizen and Taxpayer".[1]

Mrs. Griffin begins the Counter-Complaint with the summary, "Invervener [sic] considers this Complaint as inflammatory of good reason, frivolous means of gaining tax dollars for legal fees and flying in the face of historical American heritage and customs." The next several pages of the Counter-Complaint discuss Mrs. Griffin's belief that the United States is a Christian nation, and that as such, Christianity should be taught in schools. Mrs. Griffin also alludes to the idea that forcing the taxpayer to fund lawsuits seeking to remove Christian teaching from schools is wrong, even akin to extortion. The remainder of the Counter-Complaint derides the ACLU, and its practice of representing citizens suing government entities in an effort to enforce the guarantees of the Establishment Clause.

In concluding the Counter-Complaint, Mrs. Griffin asks this Court to order: Plaintiffs' counsel to pay their own fees; the Plaintiffs leave all of the citizens of this country alone; and that the underlying action be dismissed.

---

[1] It is important to note that Mrs. Griffin was not an intervenor in that case; she merely filed an *amicus* brief in the Tennessee Court of Appeals and Tennessee Supreme Court.

## LEGAL ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure governs intervention. It states:

(a) Intervention as of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
(b) Permissive Intervention. (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Mrs. Griffin does not specify whether she is seeking intervention as of right or by permission of the Court. She does not cite a statute, nor can counsel for Plaintiffs identify any statute that gives her an unconditional or conditional right to intervene. As a result, Rules 24(a)(1) and 24(b)(1)(A) are not applicable to her intervention here. The only two bases for intervention that Mrs. Griffin could be seeking are presumably contained in Rules 24(a)(2) and 24(b)(1)(B).

**Intervention as of Right**

Intervention as of right, pursuant to Rule 24(a)(2), requires a movant to demonstrate the following four factors, the lack of any one of which is dispositive of the issue:[2] 1) the motion to intervene was timely filed; 2) the movant has a substantial legal interest in the subject matter of the case; 3) the movant's ability to protect that interest would be impaired absent intervention; and 4) the parties already before the court may not adequately represent movant's interest.[3]

---

[2] It should be noted that Mrs. Griffin does not allege any of the four factors, much less demonstrate that she satisfies them.
[3] *See U.S. v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).).

5

First, Mrs. Griffin does not have a substantial legal interest in the subject matter of the underlying action. The underlying action is an action to determine the constitutionality of several acts of administrators and teachers in the Cheatham County school system. Mrs. Griffin has not and cannot allege that she has any substantial interest in any aspect of the activities and teaching in Cheatham County public schools. Mrs. Griffin is not a student there, she is not the parent of a student, and she is not a resident of Cheatham County who pays municipal taxes. In fact, Mrs. Griffin alleges no connection at all with Cheatham County. The only interests she does seemingly allege are an interest in seeing the Plaintiffs pay their own legal fees and an interest in seeing Christianity taught everywhere. As to the former, that issue is a challenge to the wisdom of Congressional passage of 42 U.S.C. § 1988 and not appropriately brought here.

As to Mrs. Griffin's interest in seeing religion taught in all schools, that interest does not rise to the level of being "substantial". Mrs. Griffin cites to her drafting and circulating the "Ten Commandments Resolution" as both evidence of the State of Tennessee's desire to teach Christianity in schools and as a basis for her interest in this litigation. At base, the "Ten Commandments Resolution" does not speak to teaching Christianity in schools. And, even if it did, it is not a statute or binding authority of any sort. Finally, to the extent this Court may determine that the resolution is somehow related to this litigation, in *Coalition to Defend Affirmative Action v. Granholm*, the United States Court of Appeals for the Sixth Circuit held that "an organization involved in the process leading to the adoption of a challenged law[] does not have a substantial legal interest in the subject matter of a lawsuit challenging the legality of the already-enacted

6

law[.]"[4] As a result, to the extent Mrs. Griffin may argue that she helped organize and pave the way for Cheatham County to attempt to teach Christianity in its classrooms, that is not enough to establish a substantial interest.

This litigation presents a discrete question: do specifically identified actions of teachers and administrators in Cheatham County violate the Establishment Clauses of the United States and Tennessee constitutions. Mrs. Griffin has no interest, much less a substantial one, in that question. That alone is an independent reason to deny her intervention as of right.

Second, Mrs. Griffin's expressed interest, as related to the ACLU and generally teaching Christianity in public schools, would not be impaired in the absence of her intervention. Mrs. Griffin, at best, presents two questions to the Court in the Counter-Complaint: 1) should counsel for Plaintiffs be allowed to collect attorneys' fees under 42 U.S.C. § 1982 in Establishment Clause cases; and 2) should Christianity be taught in all schools (i.e., should the Establishment Clauses be enforced). Neither of these two questions will be resolved in the underlying action. In addition, each represents an independent cause of action that Mrs. Griffin can attempt to pursue in separate litigation. The resolution of this litigation will not prejudice the resolution of those issues in the future. This is also an independent reason to deny her intervention as of right.

Third, the parties before the Court, mainly Cheatham County, will more than adequately represent the interests of Mrs. Griffin, to the extent those interests are present in the underlying action. There is no doubt that Cheatham County will do its best to prevail in this litigation, which serves the dual purpose of allowing Cheatham County to continue teaching and endorsing Christianity in its public schools and serve

---

[4] *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 781 (6th Cir. 2007).

as a bar to counsel for Plaintiffs from collecting any fees. This is another independent reason to deny Mrs. Griffin intervention as of right.

For each of the above three reasons, this Court should deny Mrs. Griffin's request to intervene, if that request is based on intervention as of right.

**Permissive Intervention**

Permissive intervention, pursuant to Rule 24(b)(1)(B), requires a movant to demonstrate the following three factors, the lack of any one of which is dispositive of the issue: 1) the movant can demonstrate an independent jurisdictional ground for the court to adjudicate his/her claim;[5] 2) the motion to intervene was timely filed;[6] and 3) the movant has a claim or defense in common with the underlying action[7]. If the movant can satisfy the three pronged test for intervention, then the court must balance the possibility for undue delay and prejudice to the original parties if intervention is allowed.[8]

First, Mrs. Griffin cannot establish standing to bring her claims, which deprives this Court of any jurisdictional grounds to consider those claims and bars her from intervening in this lawsuit. To establish standing, Mrs. Griffin must allege: 1) an invasion of a legally protected interest which is concrete and particularized, and actual or imminent; 2) a causal connection between the injury and the conduct complained of; and 3) a likelihood that the injury will be redressed by a favorable decision of the court.[9] Here, Mrs. Griffin cannot establish a concrete and particularized injury. Mrs. Griffin seems to base her standing on the fact that she is a taxpayer. In *American Atheists,*

---

[5] *See U.S. v. Certain Land Situated in City of Detroit*, 361 F.3d 305, 309 (6th Cir. 2004) (citing Moore's Federal Practice § 24.22 (3rd ed. 1998).
[6] *See U.S. v. Michigan*, 424 F.3d at 445 (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).).
[7] *Id.*
[8] *Id.*
[9] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

8

*Inc. v. City of Detroit Downtown Development Authority*, the United States Court of Appeals for the Sixth Circuit held that a taxpayer concerned that government money is being misspent "does not have a personal stake in the dispute – any more than any other taxpayer does – and thus lacks the 'concrete and particularized' injury that Article III requires."[10] Mrs. Griffin's inability to show a concrete and particularized injury robs this Court of jurisdiction to adjudicate her claims. This lack of jurisdiction serves as a bar to permissive intervention.

As explained above, Mrs. Griffin also fails to allege any claim or defense in common with the underlying action. Mrs. Griffin, at best, presents two questions to the Court in the Counter-Complaint: 1) should counsel for Plaintiffs be allowed to collect attorneys' fees under 42 U.S.C. § 1988 in Establishment Clause cases; and 2) should Christianity be taught in all schools (i.e., should the Establishment Clauses be enforced). Neither of those two questions will be resolved in the underlying action, which asks one discrete question: whether specifically identified actions of teachers and administrators in Cheatham County violate the Establishment Clauses of the United States and Tennessee constitutions. The connection between the underlying action and Mrs. Griffin's claims is tenuous, at best. The resolution of the underlying action certainly does not require the resolution of Mrs. Griffin's claims, and vice versa. As a result, Mrs. Griffin should not be allowed to intervene.

Finally, the balance of the possibility for undue delay and prejudice to the original parties weighs heavily against granting intervention, as Mrs. Griffin's claims seem to be based on contempt for the ACLU and the Establishment Clauses of the United States

---

[10] *American Atheists, Inc. v. City of Detroit Downtown Development Authority*, 567 F.3d 278, 284 (6th Cir. 2009) (noting, however, that municipal taxpayers may be able to establish a concrete and particularized injury. Here, Mrs. Griffin is not a municipal taxpayer in Cheatham County).

9

and Tennessee Constitutions. Mrs. Griffin's claims are not related to the underlying action. In *Northland Family Planning Clinic, Inc. v. Michael A. Cox*, the United States Court of Appeals for the Sixth Circuit adopted the reasoning of a district court holding that movants who are openly hostile to parties to the underlying action, who base their desire and litigation on ideological goals can seriously delay the adjudication of the underlying action by raising additional issues.[11] In addition, that court held that allowing the movant to file *amicus* briefs would adequately remedy the movant's ability to be heard.[12] The undue delay and prejudice Plaintiffs would face by allowing Mrs. Griffin to intervene weighs heavily against allowing permissive intervention.

## CONCLUSION

Mrs. Griffin is attempting to intervene in this lawsuit out of contempt for the ACLU and her belief that the Establishment Clauses of the United States and Tennessee constitutions should not be enforced. That does not justify intervention. As such, this Court should deny her Motion to Intervene. If this Court decides that Mrs. Griffin should be heard in this litigation, it could just grant her the ability to file *amicus* briefs in support of her position at the appropriate time as opposed to unduly disrupting and delaying the litigation process by making her a party.

---

[11] *Northland Family Planning Clinic, Inc. v. Michael A. Cox*, 487 F.3d 323, 346 (6th Cir. 2007).
[12] *Id*.

Respectfully submitted,


s/ Joseph A. Kelly
Joseph A. Kelly, #14921
William N. Helou, #22839
ACLU OF TENNESSEE COOPERATING ATTORNEYS
MGLAW, PLLC
2525 West End Avenue, Suite 1475
Nashville, Tennessee  37203
Phone: 615.846.8000
Fax: 615.846.9000
jak@mglaw.net
wnh@mglaw.net
*Attorneys for Plaintiffs*


George Barrett, #2672
Douglas S. Johnston, Jr., #5782
ACLU of Tennessee Cooperating Attorneys
BARRETT JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, Tennessee 37201
Phone: 615.244.2202
Fax: 615.252.3798
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
*Attorneys for Plaintiffs*

Tricia Herzfeld
Staff Attorney
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
Phone: 615.320.7142
Fax: 615-691-7283
tricia@aclu-tn.org
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.01, it is hereby certified that a true and correct copy of the foregoing was served upon the following Filing Users via the Electronic Case Filing System as well as first-class mail on this the 14th day of January, 2010:

George Barrett, Esq.
Douglas S. Johnston, Jr., Esq.
Barrett Johnston & Parsley
217 Second Avenue, North
Nashville, Tennessee 37201
*Attorney for Plaintiffs*

Tricia Herzfeld, Staff Attorney
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
*Attorney for Plaintiffs*

Law Office of Woods and Woods
P.O. Box 128498
Nashville, Tennessee 37212
*Attorney for Defendants*

June Griffin
522 Crestview
Dayton, Tennessee 37321
*Pro-Se Intervenor (Pending Application)*

John David Schwalb
Williams & Schwalb
108 Fourth Avenue, South, Suite 207
Franklin, Tennessee 37064

    s/ Joseph A. Kelly
    Joseph A. Kelly