IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

JOHN DOE and JANE DOE, *et al.*,   )
      Plaintiff,   )
      )
v.   )  Civil Action No. 3:09-1099
      )  Judge Echols
CHEATHAM COUNTY BOARD   )  Magistrate Judge Griffin
OF EDUCATION, *et al.*,   )
      )
      Defendants.   )

## **ANSWER OF DEFENDANTS**

Comes now the Defendants by and through Counsel and for answer to the Complaint would state unto the Court as follows.

## **I. SUMMARY OF ACTION**

1. It is admitted that the action purports to be as said forth in the Summary of Action and that this constitutes a civil rights action. It is denied that all the actions alleged herein constitute unconstitutional actions or a pattern and practice as set forth in paragraph 1. To the extent inconsistent with the responses to the specific numbered paragraphs the remaining allegations in paragraph 1 are denied.

## **II. JURISDICTION**

2. Admitted.

## **III. PARTIES**

3. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 3.

4. The allegations of paragraph 4 including subparagraphs a through k are admitted.

5. The allegations of paragraph 5 are admitted.

## IV. STANDING

6. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 6.

7. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 7.

8. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 8.

9. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 9.

10. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 10.

11. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 11.

12. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 12.

13. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 13.

14. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 14.

15. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 15.

16. Defendants deny the allegations of the last grammatical sentence of paragraph 16. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 16.

17. It is admitted that Plaintiffs allege taxpayer standing. Defendants are without sufficient knowledge or information upon which to form a belief as to whether or not the Plaintiffs have taxpayer standing under the allegations set forth in the Complaint.

18. It is admitted that under Tennessee's basic educations program the county is required to fund the school system in accordance with state laws and in turn the school system budget coming from the county funds school classrooms and certain non-classroom functions.

19. It is admitted that Cheatham County Public School System meets their local funding through money appropriated by the Cheatham County Commission and in turn state sales taxes earmarked for education.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied except that it is admitted that in the past, a practice which no longer exists, individuals not employed by the school system were allowed to distribute Bibles.

23. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 23.

24. The allegations of paragraph 24 are denied.

### V. FACTS

25. The allegations of paragraph 25 are denied.

26. It is admitted that under certain circumstances the sound system and venue is provided by school officials.

27. The allegations of paragraph 27 are denied.

28. It is admitted school officials have control over what the program reads but

do not have control over whether a speaker spontaneously and against express instruction and prohibition of the school system makes a prayer in violation of the policy of the school system.

29. The allegations of paragraph 29 are denied as stated.

30. The allegations of paragraph 30 are denied as stated.

31. The allegations of paragraph 31 are denied.

32. It is admitted upon information and belief that this may have occurred at one or more times in the past but such does not occur presently nor is there a reasonable likelihood that such will occur in the future.

### A. Band, Choir, Sporting Events and Activities

33. It is denied that a pattern and practice of such exists and therefore the allegations of paragraph 33 are denied.

34. It is admitted that something to this effect was said.

35. The allegations of paragraph 35 are denied.

36. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 36.

37. The allegations of paragraph 37 are admitted.

38. Defendants are without sufficient knowledge or information upon which to form a belief as to the allegations of paragraph 38 other than that they understand that a prayer took place.

39. The allegations of paragraph 39 are admitted.

40. It is admitted that the choir performed seasonal songs. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 40.

41. The allegations of paragraph 41 are admitted.

42. It is admitted that the reading of a particular lyric was reassigned to another student and that Jessica Doe read other lyrics to a Christmas song. The remaining allegations of paragraph 42 are denied.

### B. Gideons' Bible Distribution

43. It is admitted that in years past, various principals have allowed members of Gideon's International to distribute bibles to those students who wanted them. The remaining allegations of paragraph 43 are denied.

44. It is admitted that on or about October 22, 2009, individuals were allowed to distribute bibles. It is admitted that one of the individuals passing out the bibles instructed students to write their names on the bibles. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 44.

45. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 45.

46. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 46.

### C. Classroom Instruction

47. It is admitted that a cross was once place in a high school teacher's classroom but denied that such cross presently exists or that it is conspicuously placed separate and apart from other wall decorations that exist.

48. The allegations of the last grammatical sentence of paragraph 48 are denied. The remaining allegations of paragraph 48 are admitted.

49. The allegations of the last grammatical sentence of paragraph 49 are denied.

The remaining allegations of paragraph 49 are admitted.

50. It is admitted that a handout was given to students outlining the Judeo-Christian heritage of the United States and the use of deity in various everyday occurrences and on buildings. To the extent inconsistent with this, the allegations of paragraph 50 are denied.

### D. 2009 Graduation Ceremony and Activities

51. It is admitted that a rehearsal of the graduation ceremony occurred. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 51 and in particular what is meant by the term "alluded" to as it relates to an invocation.

52. It is admitted that at a luncheon a student indicated that another student would lead the persons in prayer. It is further admitted that an employee of the school system was present.

53. It is admitted that an invocation was originally scheduled for the commencement exercises.

54. It is admitted that the Board through the Director of Schools was made aware of an objection to the invocation and that it was removed from the program.

55. It is admitted that the Plaintiffs were advised that the school sponsored prayer was removed from the program and would not be offered. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 55.

56. It is admitted that the student body president opened the ceremonies and welcomed the audience. It is denied that she introduced the individual who gave a prayer. The individual more particularly stepped to the microphone and indicated that he was not

on the program but offered a prayer anyway.

57. The allegation of the first grammatical sentence of paragraph 57 are denied. It is admitted that the student identified as JS offered a prayer. It is further admitted that he was not removed from the stage nor was the sound system turned off.

58. It is admitted that nothing was done to stop the prayer as such would have been largely impossible without calling further attention the situation, the fact that the sound system was not under control of the school system and the prayer would have been concluded prior to any action being taken had such been possible. The allegations of the second grammatical sentence of paragraph 58 are admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. It is admitted that prayers or inspirational moments had occurred often in past graduation ceremonies prior to 2009. It is denied that such occurred at the behest of the Defendants or with their sponsorship. With regard to years prior to 2009 it is admitted that on occasion an invocation occurred at the Sycamore High School graduation and that an inspiration moment occurred at the Adult High School. It is denied that such was commonplace or occurred at every school throughout the system.

63. It is admitted that the School Board met at various times between May 2009 and October 2009 including a combination of workshops, budget meetings, regular meetings and meeting covered by the attorney client privilege dealing with other matters unrelated to the claims of the Plaintiffs.

64. It is admitted that the school system and its employees have planned and participated in various school functions and ceremonies, including graduation ceremonies.

It is denied that since mid-2009 that such has involved planning school prayer at graduation ceremonies, except as it related to permitting a inspirational moment for the Adult High School program. It is admitted that the school system has incurred the cost of printing, as well as, reprinting programs.

65. It is admitted that Plaintiffs counsel made the request and various assertions.

66. Assuming that paragraph 66 refers to the Sycamore High School graduation ceremony the allegations are denied.

67. Denied.

68. Denied.

## COUNT I: ESTABLISHMENT CLAUSE VIOLATION

69. Defendants incorporate their response to the allegation of paragraphs 1-68 herein by reference.

70. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 70 as it relates to specific alleged deprivations. Defendants deny that such is continuing if it occurred in the past.

71. It admitted that the practice of permitting distribution of Bibles is prohibited and that school system sponsored invocations at the graduation ceremonies of non Adult High Schools is prohibited, a practice which ceased in 2009. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 70.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. It is admitted that the actions of the Defendants in their official capacities is under color of state law for purposes of section 1983.

**COUNT II: ARTICLE I, SECTION 3 OF THE TENNESSEE CONSTITUTION**

78. Defendants incorporate their response to the allegations of paragraphs 1-78 herein by reference. It is admitted that Art. I, Sec. 3 of the Tennessee Constitution provides as set forth in paragraph 78 but denied that it give right to a private cause of action.

79. It is admitted that in the past as it relates to certain schools school system employees have expended time on graduation ceremonies that involved prayer, or the deletion of prayer from a program. It is denied that such is occurring in the future except as it relates to the Adult High School.

80. Any time spent on such activities is so *de minimus* that the allegations of paragraph 80 are denied.

81. Denied.

82. Denied.

83. Any and all allegations not previously admitted, explained or denied are hereby expressly denied as if denied more fully above.

**AFFIRMATIVE DEFENSES**

84. The complaint fails to state a claim upon which relief can be granted under the Tennessee Constitution.

85. All unconstitutional conduct alleged to have occurred in the past has been rectified and accordingly, the complaint fails to state a claim for prospective injunctive relief and the claims for such are now moot.

86. Defendants aver and allege that one or more of the Plaintiffs lacks standing

to assert claims for prospective relief.

87. The complaint fails to state a claim upon which relief can be granted as it relates to one or more of the specific factual allegations as it relates to these Defendants.

Now having fully answered, Defendants pray the complaint be dismissed.

Respectfully submitted,

*/s/ John D. Schwalb*
**JOHN D. SCHWALB (BPR #11671)**
**WILLIAMS & SCHWALB, PLLC**
108 Fourth Avenue South, Suite 207
Franklin, Tennessee 37064
(615) 794-7100

*Counsel for Defendant*
*Cheatham County Board of Education*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure and/or the Local Rule of Court for the United States District Court for the Middle District of Tennessee governing electronic case filing upon:

George Barrett, Esq.
gbarrett@barrettjohnston.com
Douglas S. Johnston, Jr., Esq.
djohnston@barrettjohnston.com
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201

Tricia Herzfeld, Esq.
tricia@aclu-tn.org
Staff Attorney
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212

Joseph A. Kelly, Esq.
jak@mglaw.net
William N. Helou, Esq.
wnh@mglaw.net
MGLAW, PLLC
2525 West End Avenue, Suite 1475
Nashville, Tennessee 37203

*Attorneys for Plaintiffs*

and

June Griffin
522 Crestview
Dayton, Tennessee 37321

on this the 19th day of January, 2010.

                                                */s/ John D. Schwalb*
                                                **JOHN D. SCHWALB**