IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-01099 |
| ) | Judge Robert Echols |
| THE CHEATHAM COUNTY BOARD ) | Magistrate Judge Juliet E. Griffin |
| OF EDUCATION; et al., ) | |
| ) | |
| Defendants. ) | |

## AGREED ORDER

Plaintiffs John, Jane, Jennifer, James, Julie, Jamie, Jackie, and Jessica Doe (hereinafter, "Plaintiffs") and the Cheatham County School Board, Diane Williams, Michelle Collins, Greg Horton, Tammie Lavender, Dianne Proffitt, Chris Spiegl, Tim Williamson, Tim Ray, and Robin Norris (hereinafter, "Defendants") in settlement of all claims contained in the Verified Complaint for Declaratory, Injunctive Relief and Nominal Damages (hereinafter, the "Complaint"), submit this Agreed Order for Entry.

### Findings of Fact

1. Defendants have, in the past, permitted certain conduct to occur within the Cheatham County School District, which the Defendants admitted in their answer violated the Establishment Clauses of the United States and Tennessee constitutions.

2. Until June 2009, six faculty members of Sycamore High School had various biblical passages and religious references on their staff (district provided) website.

3. In the past, faculty members of Sycamore High School have set aside time for and encouraged or permitted a student to lead a prayer prior to or during school activities.

4. In the past, various employees of the Board of Education have permitted

members of Gideons International into the classrooms during instructional time for the purposes of distributing Bibles.  Defendants have admitted in their answer, that although the practice has since ceased, the past practice violated the Establishment Clauses of the United States and Tennessee constitutions.

5. In the past, various employees of the Board of Education have displayed religious symbols in their classrooms

6. Plaintiffs' Complaint was filed to seek compensation for these numerous violations and to prevent any future violations.  This settlement memorializes Plaintiffs' success and status as the prevailing party.

## **Disposition of the Case**

In light of these facts, it is **ORDERED, ADJUDGED**, and **DECREED**:

7. Defendants shall pay Plaintiffs a nominal damage amount of $100.00, to be distributed equally to each Plaintiff.

8. The following definitions shall apply to this Agreed Order:

a. "Club " means a noncurricular student group recognized in accordance with School Board Policy

b. "Prayer" means any communication with a deity, including, but not limited to, a devotional, benediction, invocation, the Lord's Prayer, blessing, reading from a sacred text (unless done as a part of an authorized curriculum), sermon, or otherwise calling upon a deity to offer guidance, assistance, or a blessing.

c. "Religious Service" means Benediction, Invocation, Prayer, Blessing, Inspirational Message, Sermon, Devotional Pledge, Bible Reading, distributing religious materials, displaying religious symbols, Devotion or any other title that in any way relates

to Prayer or a deity.

  d. "Religious Venue" means a property, facility, building, or place that is maintained and controlled by or for a religious body that is organized, in whole or in part, to sustain public worship.

  e. "School District" means the Cheatham County School District.

  f. "School Event" means any happening sponsored, approved or supervised by a School Official acting in his or her official capacity. It includes, but is not limited to, a graduation, grade-promotion ceremony, award program, induction ceremony, pep rally, competition, sports events, practice, performance, class instructional time, and a club meeting or event. However, a Club meeting or event is not a School Event if any School Officials are present at its meetings and events in a "nonparticipatory capacity," as used in the Equal Access Act.

  g. "School Official" means the Cheatham County Board of Education, its members (collectively "Defendants"), Defendants and officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with Defendants in his or her official capacity. However, outside organizations that receive no support from the Defendants, do not receive renumeration of any kind from the Defendants, are not controlled by the Defendants, and are not given preferential treatment or access (e.g. to sell, distribute wares) by the Defendants and are not School Officials, for example booster clubs when they satisfy these requirements.

  9. No provision in this Agreed Order is intended to supplant or alter the rights afforded to student clubs by the Equal Access Act, 28 U.S.C. § 4071, et seq.

10. School Officials shall not promote, advance, endorse, participate in, or cause Prayers during or in conjunction with School Events for any school within the School District:

    a. School Officials shall not offer, lead or solicit participation in a Prayer during or in conjunction with a School Event.

    b. School Officials shall not knowingly permit and upon becoming aware, shall take reasonable, prompt and appropriate steps to stop non-student third-parties (including clergy or other religious leaders or parents) from offering a Prayer, invocation, benediction, or other religious remarks during or in conjunction with a School Event.

    c. School Officials shall not knowingly permit and upon becoming aware, shall take reasonable, prompt and appropriate steps to stop non-student third-parties (including members of Gideons International) from distributing sacred texts during a School Event or during instructional time.

    d. School Officials shall not include Prayer, whether or not it is noted in a printed program, during or in conjunction with a School Event. School Officials shall not authorize students, student groups, a student body (through election), or third parties to include Prayers, whether or not it is noted in a printed program, during or in conjunction with a School Event.

    e. School Officials shall not encourage, solicit, or invite any person, either implicitly or explicitly, to deliver or offer a Prayer or religious service during or in conjunction with a School Event. School Officials shall not set aside a time for Prayer during or in conjunction with a School event.

    f. If a School Official elects to review or may by policy review a student or any

other person's planned address during or in conjunction with a School Event, then School Officials shall prohibit the person making the address from offering a Prayer or conducting a religious service.

    g. School Officials shall not reserve speaking roles at School Events for members of a religious club or organization. Nothing in this subparagraph shall prohibit a reserved speaking role for a student that happens to be a member of a religious club or organization provided that his/her selection was not a result of such membership.

    h. To the extent that School Officials permit a person during or in conjunction with School Events to give an address that a School Official can or does shape, review, or edit for content, substance, message, style, or theme, then School Officials shall instruct the person that the person's address must exclude Prayer or religious service.

    11. School Officials shall make a good faith effort to avoid holding School Events for any school within the School District at nonsecular venues not commonly associated with any religion or religious organization when an alternative venue is reasonably suitable that is not a Religious Venue. To the extent a secular venue cannot be secured due to costs or adequacy of the venue, a School Official shall provide and keep on file a written reason a secular venue could not be secured for the event.

    12. School Officials shall not knowingly permit the promotion of School Officials' personal religious beliefs to students in class or during or in conjunction with a School Event.

    a. School Officials shall not lead a Prayer or religious service, or preach at students or in conjunction with instructional periods, at School Events, or at Club Events.

    b. School Officials shall be present at student religious club meetings or student

-5-

Case 3:09-cv-01099   Document 44   Filed 03/01/2010   Page 5 of 10

events only in a non participatory capacity.  School Officials shall not lecture, proselytize, pray, preach, or conduct a religious service at student religious club or student events.

    c.    When acting in their official capacities as representatives of the state/county, School Officials are prohibited from encouraging or discouraging prayer, and from actively participating in such activity with students.  School Officials may, however, take part in religious activities where the overall context makes clear that they are not participating in their official capacities.  Before school or during lunch, for example, School Officials may meet with other School Officials for prayer or Bible study to the same extent that they may engage in other conversation or nonreligious activities.  Similarly, School Officials may participate in their personal capacities in privately sponsored baccalaureate ceremonies.

    d.    School Officials shall not cite the Bible or other sacred text as authority for historical or scientific fact to students during or in conjunction with a Instructional period, at School Events, or at Club Events.

    e.    School Officials during or in conjunction with a School Event shall not solicit, discourage, or encourage students to engage in religious activity or attend a Religious Service.

    f.    School Officials shall not orally express personal religious beliefs to students during or in conjunction with instructional time or in conjunction with a School Event.  A School Official shall not express personal religious beliefs to students through written or symbolic means. School Officials, absent an articulated nonreligious pedagogical reason, shall not display religious symbols or quotes from the Bible or other sacred books texts in or on the classroom walls, erect them on the classroom floor, or attach or place them on the Cheatham County School District's property.  Nothing in this provision is intended to

-6-

Case 3:09-cv-01099   Document 44   Filed 03/01/2010   Page 6 of 10

preclude a School Official from wearing, possessing, or displaying unobtrusively religious symbols or jewelry on his/her person.

  g. School Officials shall not include any religious beliefs or references to a deity or religious leader or prophet or their affiliation with a religious congregation, on their Teacher Pages or similar teacher specific pages posted on or directly navigable from a Cheatham County Board of Education or Sycamore High School's webpage.

  12. In the event of a violation of any of the provisions of this Agreed Order by a teacher at any school in the Cheatham County School District, upon the reporting of such violation, the Cheatham County School Board shall follow its usual procedures for conducting an internal investigation into the alleged violation. If the Cheatham County School Board complies with this provision, the actions of a teacher shall not serve as a basis for liability of the Cheatham County School Board or any member thereof, or any principal of any school in the Cheatham County School District for violating the terms of this Agreed Order, unless any of those individuals knew of and/or actively participated in the violation. This provision shall not preclude any person from seeking injunctive relief to enforce the terms of this Agreed Order, irrespective of whether the Cheatham County School Board has followed its procedures for investigating any alleged violations.

  13. Pursuant to 42 U.S.C. § 1988, the Plaintiffs are prevailing parties in this litigation on all claims. The Defendants are liable to Plaintiffs for Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses.

  14. Nothing in this Agreed Order will be construed to limit any party's right to enforce this Agreed Order according to its terms. If any court of competent jurisdiction determines that any provision contained in this Agreed Order, or any part thereof, cannot

be enforced, the parties agree that such determination shall not affect or invalidate the remainder of the Agreed Order.

15. This Agreed Order shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, and assigns.

16. This Agreed Order is the settlement of the claims in the above-styled action, and prior violations of the Establishment Clauses of the United States and Tennessee Constitutions committed by some employees of the Cheatham County School District. The parties to this Agreed Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Agreed Order before bringing such matter to the Court for resolution. However, in the event that the Defendants act in violation of any provision of this Order, each Plaintiff or any affected student - present or future - who alleges a violation may contact the Plaintiffs' counsel. As may be appropriate, counsel may then move this Court to impose any remedy authorized by law or equity.

17. The Defendants, their agents, representatives, successors, and assigns shall take no action that would disclose the identities of the Plaintiffs, including the release of filed or unfiled court documents, or otherwise compromise the Plaintiffs' anonymity. In addition, Defendants, their agents, representatives, successors, and assigns shall take no action against the Plaintiffs in retaliation for the filing of this lawsuit or agreeing to this settlement.

18. The claims against the Defendants in their individual capacities are dismissed with prejudice.

**IT IS SO ORDERED.**

---------------------------------------
**ROBERT L. ECHOLS**
**United States District Judge**

**AGREED AND APPROVED FOR ENTRY**:

   */s/ John D. Schwalb*
---------------------------------------
**John D. Schwalb**
john_schwalb@msn.com
**WILLIAMS & SCHWALB, PLLC**
108 Fourth Avenue South, Suite 207
(615) 794-7100
*Attorney for Defendants*


   */s/ William N. Helou*
---------------------------------------
**Joseph A. Kelly**
jak@mglaw.net
**William N. Helou**
wnh@mglaw.net
**MGLAW, PLLC**
2525 West End Avenue, Suite 1475
Nashville, Tennessee 37203
(615) 846-8000

**George Barrett**
gbarrett@barrettjohnston.com
**Douglas S. Johnston, Jr.**
djohnston@barrettjohnston.com
**BARRETT JOHNSTON & PARSLEY**
217 Second Avenue North
Nashville, Tennessee 37201

**Tricia Herzfeld**
tricia@aclu-tn.org
Staff Attorney
**ACLU Foundation of Tennessee**
P.O. Box 120160
Nashville, Tennessee 37212
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure and/or the Local Rule of Court for the United States District Court for the Middle District of Tennessee governing electronic case filing upon:

June Griffin
522 Crestview
Dayton, Tennessee 37321

on this the 2nd day of March, 2010.

            /s/ *John D. Schwalb*
            **John D. Schwalb**