| | | |
|---|---|---|
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-1099 |
| | ) | Judge Echols |
| THE CHEATHAM COUNTY SCHOOL | ) | |
| BOARD OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This is an action brought by parents (individually, and on behalf of their minor children) and two others, all utilizing the pseudonym surname "Doe," in which Plaintiffs allege that Defendants allowed unconstitutional religious activities to occur at two public middle schools and a public high school in Cheatham County, Tennessee. The parties settled their differences and presented the Court with a proposed Agreed Order (Docket Entry No. 44). In the proposed Agreed Order, the parties agreed that some employees of the public schools in Cheatham County engaged in conduct which violated the Establishment Clauses of the United States and Tennessee Constitutions, including: (1) faculty members posting biblical passages and religious references on their school provided website; (2) faculty members setting aside time for students to lead prayers prior to or during school activities; (3) employees of the Board of Education allowing members of Gideons International into the classrooms during instructional time to distribute Bibles; and (4) various employees displaying religious symbols in classrooms. The Agreed Order provided that Defendants would not engage in such conduct or certain other conduct in the future which violated either the state or federal constitution and would pay Plaintiffs $100.00 in nominal damages. The Agreed Order also provided

1

that Plaintiffs were the prevailing parties for purposes of 42 U.S.C. § 1988 and that Defendants would therefore pay Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses.

The Agreed Order was entered by the Court on March 9, 2010. The following day, June Griffin ("Ms. Griffin"), pro se, filed an "Objection to Agreed Order" (Docket Entry No. 47). She objects to the Agreed Order as a "citizen and taxpayer," believing that Plaintiffs should not have capitulated to the "special-interest attorneys" of the American Civil Liberties Union ("ACLU"), and takes issue with taxpayer funds being utilized to pay the ACLU's attorneys' fees.

Ms. Griffin is not a party to this action, but she filed a "Motion to Intervene" on December 15, 2009 (Docket Entry No. 28) which was not ruled on by the Court before the parties submitted their proposed Agreed Order. She now objects to the Agreed Order as an "intervenor." Because the Court never ruled on Ms. Griffins' request to intervene in this action prior to entry of the parties' Agreed Order, the Court considers her Motion to Intervene, finds that intervention is not proper, and will overrule her objections to the Agreed Order.

The Federal Rules of Civil Procedure authorize intervention as of right or permissive intervention. An individual may intervene as of right where a federal statute so provides, or where the individual has a substantial legal interest in the subject matter of the case which the parties may not adequately represent, thereby impairing the individual's ability to protect his or her interest. Fed. R. Civ. P. 24(a). Permissive intervention is proper where a conditional right to intervene is granted by federal statute, or where the individual seeking to intervene has a claim which presents a common question of law or fact with that presented by the parties already in the litigation. Fed. R. Civ. P. 24(b).

In the Motion to Intervene, Ms. Griffin states she is a "person of high moral character, a Christian, and pastor of the American Bible Protestant Church, as well as a publisher of Early American History, and as such is concerned with the perpetuity of American history." (Id. at 2). She objects to what she views as the subversion of the Establishment Clause by the ACLU, and the use of tax dollars to fund the ACLU's agenda.

From Ms. Griffin's filings, the Court finds no basis for intervention as of right. Ms. Griffin identifies no statutory basis for such intervention. Ms. Griffin does not claim any involvement in the Cheatham County school system. She is not a student, a parent of a student, or even a resident of Cheatham County. It appears that her only interest is preventing the ACLU and others from attempting to abolish Christian activities and/or the promotion of Christian religion in public schools, and in seeing that the ACLU is not paid for such legal efforts.

Intervention as of right is not to be used "as a mechanism for the over politicization of the judicial process" and thus, to intervene as of right, an individual must have a "substantial legal interest in the outcome of the case." Northland Family Planning Clinic, Inc. v. Cox, 487 F.3d 323, 346 (6th Cir. 2007). While "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit," a "generalized [objection] will not support a claim for intervention of right." Providence Baptist Church v. Hillandale Comm., Ltd., 425 F.3d 309, 317 (6th Cir. 2005). Even though Ms. Griffin earnestly believes that it is entirely appropriate for public schools to allow students to engage in religious activities during school hours, she simply has not shown a substantial legal interest in the discrete issue presented in this case, to wit, whether specific actions of teachers and administrators in Cheatham County violated the Establishment Clause.

3

Permissive intervention is also not appropriate in this case. "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." United States v. Michigan, 424 F.3d 438, 445 (6th Cir. 2005). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." Id.

In this case, the parties reached a compromise and settlement of the case while Ms. Griffins' Motion to Intervene was pending. Although her original Motion to Intervene was timely, the parties have reached an agreement which resolves the issues before the Court before her intervention. Her intervention at this time would torpedo the parties' agreement and raise new issues.

Furthermore, Ms. Griffin's Motion to Intervene does not establish that she should be permitted to intervene in this action. She objects *in toto* to the enforcement of the Establishment Clause as it pertains to Christianity in public schools and to the ability of the ACLU to collect fees for its efforts to enforce the Establishment Clause in such cases, both of which are far beyond the scope of the issues presented here. Allowing her to pursue such global claims would undoubtedly prolong what is a simpler question of whether specific acts by certain teachers and administrators violated either the state or federal constitution. The parties to this litigation have already compromised and settled those questions. Also, Ms. Griffin's broader belief that it is proper for Christianity to be promoted in the public schools appears to be hostile to the position taken by the parties in their agreement. See, Northland, 487 F.3d at 346 (district court did not err in refusing to allow permissive intervention where movant's ideology was hostile to that of the parties in the litigation).

4

In sum, the Court finds that Ms. Griffin should not be allowed to intervene in this action.

Accordingly, her Motion to Intervene (Docket Entry No. 28) is hereby DENIED and her objections

to the Agreed Order (Docket Entry No. 47) are hereby OVERRULED.

It is so ORDERED.


ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE